RANDOLPH, Senior Circuit Judge,
concurring in all but Section II-A:
I do not agree that the FAA Administrator’s Advisory Circular falls within the review provision of 49 U.S.C. § 44709(d)(3). The provision states that the Board is bound by the Administrator’s interpretation “of written agency policy guidance available to the public related to sanctions to be imposed under this section” unless the interpretation is “arbitrary, capricious, or otherwise not according to law.” § 44709(d)(3). Contradicting the Administrator and the Board, my colleagues conclude that the Circular falls within § 44709(d)(3) because it is “related to sanctions.” Maj. Op. at 352. The majority’s conclusion rests on a misreading of the statute. It is not enough that the guidance is related to sanctions: the guidance must be related to sanctions “to be imposed under this section.” The provision thus contemplates an ongoing enforcement action, not the Administrator’s decision whether to institute the action. This much follows from the fact that sanctions under § 44709 are to be imposed only in enforcement actions. Yet the very point of the Circular is to spell out when the Administrator will not bring an enforcement action. Section 44709(d)(3) therefore cannot encompass the Circular, or at least the portion of it Moshea sought to invoke as a defense. That was the Administrator’s and the Board’s interpretation, an interpretation I believe to be correct. At a minimum it is a reasonable view of the application of § 44709(d)(3) to the Circular and was entitled to judicial respect. See Chevron U.S.A., Inc. v. Natural Res. Def. Council, 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984).
I join the balance of the majority opinion dealing with the Board’s unexplained departure from its precedent. Maj. Op. at 352.